THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN I. BENNETT, Impleaded, etc., Appellant.

The provision of the Code of Criminal Procedure (§ 593), which provides that if a defendant in a criminal action does not appear for arraignment or trial, "the court must direct the fact to be entered upon its minutes, and the undertaking of his bail is thereupon forfeited," does not require a formal entry at length of the order on the day it was made; a direction in writing by the court is sufficient; the failure of the clerk to record or enter it does not render it inoperative.

(Submitted February 27, 1893; decided March 7, 1893.)

THIS was a motion for a reargument.
This case is reported 136 N. Y. 482.

The following is the opinion in full :

" A motion has been made for a re-argument, on the ground that the court misapprehended the facts upon the decision of the appeal.

" In the opinion handed down it is assumed that the entry in the minutes of the Court of General Sessions there referred to and quoted in full, was made on March 21, 1892, whereas the appellant insists it was not made until April 1, 1892, and after the surety had surrendered his principal, and he was then in the custody of the people ; and it is argued that if when the principal was surrendered, the undertaking of bail had not been in fact forfeited by the entry of the default in the minutes, such entry could not be subsequently made so as to impose a liability upon the surety, and, therefore, there was no jurisdiction to enter judgment upon the bail piece. We did not deem it necessary upon the decision of the appeal, to determine the correctness of this proposition, because, as we read the record, it sufficiently appeared that there was an entry made in the minutes of the court on March twenty-first reciting the non-appearance of the principal, and we thought then and think now that the papers filed in opposition to the motion to vacate the judgment do not admit of a contrary conclusion. In the affidavit of Assistant District Attorney Washburn, it is stated that on March twenty-first, when the principal was called and did not appear, an order was made forfeiting his bonds, and a bench warrant issued for his arrest, as appears by the indorsement on the indictment, and the affidavit of Assistant District Attorney Osborne, and when the matter came up on April first, reference is had to the original order of forfeiture made on March twenty-first, which it is stated was not entered until that day. Assistant District Attorney Osborne states in his affidavit, that when the case was called on March twenty-first and the principal did not appear, and his surety did not bring him forth, his bond was immediately forfeited by the court, and an order made to that effect by the court and a bench warrant immediately ordered for the principal's arrest.

" Assistant District Attorney Lynn, in his affidavit, also

refers to an order which had been made before April first, forfeiting the recognizance.

"There can be no question, therefore, that upon the respondent's papers it clearly appears that the first order of forfeiture printed in the record as the minutes of the court, was made on March twenty-first. But the appellant's counsel contends that it was admitted in the supplemental brief of the district attorney, upon the argument of the appeal herein, that this order was not entered until April first. That is undoubtedly true, but the district attorney there insists that it was in fact made by the court on March twenty-first, and that the failure of the clerk to record or enter it, as it is termed, until April first, did not render it inoperative, nor enlarge the privileges of the bail. In his brief in opposition to this motion, the respondent's counsel correctly insists that the extent of his concession was that the record did not disclose a formal entry at length of the order of March twenty-first. This must have been a direction of the court in writing, otherwise it would not have been an order. When so made on March twenty-first it became a part of the proceedings in the cause, and was a sufficient compliance with the requirement of section 593 Criminal Code, which provides that if the defendant does not appear 'the court must direct the fact to be entered upon its minutes; and the undertaking of his bail is thereupon forfeited.' The failure of an officer of the court to discharge a clerical duty did not render the order of the court nugatory, and the court on March twenty-first did all that the statute requires in order to make the forfeiture of the bail complete.

"The motion must be denied, with costs."

*Benj. Patterson* and *George Bell* for motion.

*DeLancey Nicoll* opposed.

*Per Curiam* opinion for denial of motion.
All concur.
Motion denied.