JEREMIAH J. CLEARY, Respondent, v. NEW YORK STATE
RAILWAYS, Appellant.

Fourth Department, November 23, 1921.

Trial — City Court of Rochester, Civil Branch — motion to set
aside verdict of jury and for new trial must be noticed to be heard
fifteen days after judgment entered — serving notice is not mak-
ing motion — Rochester city charter, § 512, subd. (c), construed.

Under section 512, subdivision (c), of the Rochester city charter, providing
that a motion to set aside the verdict of a jury rendered on a trial in the
City Court of Rochester, Civil Branch, and for a new trial must be made
at the close of the trial or within fifteen days after judgment entered, a
notice of motion served thirteen days after judgment entered and return-
able seventeen days thereafter, was not made timely, since serving the
notice of motion is not making the motion within the meaning of the
statute.

REARGUMENT of an appeal by the defendant, New York
State Railways, from an order of the County Court of the
county of Monroe, entered in the office of the clerk of said
county on the 2d day of June, 1921, dismissing the appeal
of the defendant to the County Court from an order of the
City Court of Rochester, Civil Branch, denying defendant's
motion to set aside the verdict of the jury and staying
proceedings upon execution, by filing an undertaking on said
appeal.

*Harris, Beach, Harris & Matson* [*Frank H. Parker* of counsel],
for the appellant.

*William W. Armstrong*, for the respondent.

KRUSE, P. J.:

This is a reargument of the appeal from an order of the
County Court which dismissed the appeal from an order of
the City Court denying the defendant's motion to set aside
the verdict of the jury. Upon the disposition of the appeal
after the first argument in this court, we held that an order
denying the defendant's motion to set aside the verdict of the
jury and for a new trial is appealable under the provisions of
the charter of the city of Rochester (Laws of 1907, chap. 755,
§ 512, subd. (c), as added by Laws of 1918, chap. 495; Id.

§ 524-a, as added by Laws of 1920, chap. 434*), but that the question as to whether the motion to set aside the verdict was timely made in the City Court should be determined upon the appeal to the County Court and not by motion to dismiss the appeal to that court and, therefore, we reached the conclusion that the order of the County Court dismissing the appeal should be reversed. (198 App. Div. 228.) Upon the application for reargument both counsel have asked to have that question determined upon this appeal and defendant's counsel concedes that if the motion to set aside the verdict was not timely made in the City Court, the order of the County Court dismissing the appeal may be affirmed.

Section 512, subdivision (c), of the charter of the city of Rochester (as added by Laws of 1918, chap. 495) provides that a motion to set aside a verdict of a jury or to modify a judgment rendered upon a trial by the court with or without a jury or for a new trial, must be made at the close of the trial or within fifteen days after the entry of the judgment. While it appears that notice of such a motion was served thirteen days after the judgment was entered, the time fixed by the notice for making such motion was seventeen days after such entry of judgment. The defendant contends that the motion was made when notice thereof was served. We think this contention cannot be sustained. It is very apparent that it was the intention of the Legislature to limit the time within which such motions should be made. If by simply serving a notice of such an application, the time limit is prevented from running, a party might serve his notice of motion and make it returnable at any time in the future and thus the purpose of the statute would become abortive. We think the motion was not timely made and, therefore, under the stipulation of the defendant, the order should be affirmed, with ten dollars costs.

All concur.

Motion for reargument granted, order of reversal entered October 19, 1921, vacated, and after hearing reargument, the order is affirmed, with ten dollars costs and disbursements.

---

* Since renum. § 522 and amd. by Laws of 1921, chap. 525.— [REP.