THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SADIE BRENNER, Principal, and SAMUEL WEISMAN, Surety, Defendants.

County Court, Kings County, May 2, 1938.

*William F. Geoghan, District Attorney [Harry Sullivan* of counsel], for the plaintiff.

*Jacob P. Nathanson*, for the defendant Samuel Weisman.

FITZGERALD, J. It appears that on November 19, 1936, Samuel Weisman deposited a sum of money as bail for Sadie Brenner who was in custody on a criminal charge. Said bail was forfeited on November 27, 1936.

Subsequently the defendant was rearrested, tried, convicted, sentenced and imprisoned.

On November 27, 1937, a notice of motion dated November 26, 1937, and returnable December 2, 1937, was served on the district attorney, praying for a revocation of the forfeiture on the ground that the People were not prejudiced, nor did they lose any right because of the defendant's default.

Section 597 of the Code of Criminal Procedure provides that the forfeiture of an undertaking or deposit to bail may be remitted " upon such terms as are just." Section 598 of the same Code is as follows: " The application must be made within one year after

the forfeiture of such undertaking or deposit is declared upon at least five days notice to the district attorney served with copies of the affidavits and papers on which it is founded."

The notice of motion was served on the district attorney within a year of the forfeiture; the motion was not returnable within the year.

The question to be determined is: Was the application timely?

The authorities seem to be adverse to the contention of the applicant.

In *Cleary* v. *New York State Railways* (199 App. Div. 28) it was held that where the City Charter of Rochester provided that a motion to set aside a verdict in a trial, in the City Court of that city and for a new trial, must be made at the close of the trial, or within fifteen days after the entry of the judgment, a notice of motion served thirteen days after the entry of the judgment and returnable seventeen days thereafter, was not timely; that the serving of the notice was not making the motion within the meaning of the statute.

In *Low* v. *Bankers Trust Co.* (265 N. Y. 264) it was held that an application for leave to appeal to the Court of Appeals is too late unless noticed for hearing within thirty days after the service of notice of entry of the order of the Appellate Division refusing leave to appeal or, if the court be in recess, not later than ten days after it shall have reconvened.

" Regardless," said the court, " of the late date when notice is served that application will be made to the court, the application is too late unless noticed for hearing within thirty days after service of notice of entry of the order of the Appellate Division, or, in a proper case for a day not later than ten days after the court shall have re-convened " (p. 265).

In *Clinton Trust Co.* v. *Mahoney* (252 App. Div. 763) an application to enter a deficiency judgment was denied because the motion was not returnable within a year.

" It has been held and seems to be the law in this State," said the court, " that a motion is ' made ' when it is returned in court and not when the notice is served."

The foregoing authorities are conclusive on the question involved herein. The motion was not returnable within a year of the forfeiture; therefore, the application was not timely.

Motion denied.