THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Surety, and JOSEPH F. P. SMITH, Principal.

Supreme Court, Special Term, New York County, June 15, 1951.

*Albert E. Schwartz* for surety.

*Frank S. Hogan,* District Attorney (*Ernest Lappano* of counsel), for plaintiff.

HECHT, J. Motion to remit the forfeiture of the bond executed by the surety on behalf of defendant Smith.

On February 2, 1950, defendant failed to appear for sentence, as required by the condition of the recognizance. The Court of General Sessions then noted on the minutes " Bail forfeited but I will stay the forfeiture for two weeks. Warrant to issue." This was done pursuant to section 593 of the Code of Criminal Procedure, which provides: " If, without sufficient excuse, the defendant neglect to appear * * * upon any other occasion where his presence in court may be lawfully required, * * * the court must direct the fact to be entered upon its minutes; and the undertaking of his bail * * * is thereupon forfeited."

The court successively stayed the execution of the forfeiture to March 23, to April 17 and to May 17, 1950. On the last named date the court directed the clerk to put through the forfeiture and the order was entered on that date.

Defendant was subsequently apprehended, and was sentenced on April 27, 1951. On May 9, 1951, the instant motion was made.

Section 598 of the Code of Criminal Procedure provides that the application for remission of forfeiture " must be made within one year *after the forfeiture of such undertaking * * * is declared* " (italics supplied). The District Attorney argues that such forfeiture was declared on February 2, 1950, by the entry in the minutes already quoted and that the instant application is therefore barred. The surety argues that the forfeiture was not declared until the order was entered on May 17, 1950, which was less than one year before the application.

I agree with the District Attorney's interpretation. In *People v. Bennett* (136 N. Y. 482) defendant failed to appear on March 21st, and an entry was made in the minutes: " it is ordered by the court, that the said recognizance * * * be filed in the office of the Clerk of the City and County of New York, and that judgment be entered thereon " against the surety " for the several sums set forth in said recognizance." The order was not entered until April 1st, prior to which date the defendant had been surrendered. The surety thereupon moved to remit the forfeiture, upon the ground " that the recognizance was not forfeited until the entry of the order of the General Sessions on April first, and as the principal had then been surrendered by his surety, and was then in the custody of the people, the Criminal Court had no jurisdiction to declare a forfeiture,

and thus lay the foundation for the entry of the judgment in the Common Pleas." (P. 487.)

On affirming an order denying the motion, the court said, per MAYNARD, J. (pp. 487–488) : " But the forfeiture was in fact complete on March twenty-first, and judgment could then have been entered upon filing the recognizance and a certified copy of the minutes of the court. Under section 593 of the Criminal Code, if the principal makes default and his nonappearance is entered in the minutes, the recognizance becomes *ipso facto* forfeited. No further or formal order is necessary to fix the liability of the surety. His obligation to pay the amount of the bail then accrues and becomes absolute upon the record. * * * It is important to observe the distinction between the time when the forfeiture is incurred and the time when the judgment may be entered. *The one relates to the maturity of the debt, the other to the application of the remedy for its enforcement.* * * * the entry in the minutes in this case on March twenty-first had all the essential qualities of an order forfeiting the recognizance, if not so expressed in terms, and that upon filing a certified copy thereof judgment might have been entered; * * * The substantial rights of the surety were not involved in this procedure. When his principal failed to appear and the court entered that fact in its minutes, he became obligated to pay the record debt which was then evidenced by the bail piece, and the minute of the default." (Italics supplied.)

The surety seeks to distinguish that case upon the ground that there the entry of the order was neglected by the clerk, while here the entry of the order was stayed. I see no validity to this distinction. In denying the reargument in the foregoing case, the court said (137 N. Y. 601, 603) : " the record did not disclose a formal entry at length of the order of March twenty-first. This must have been a direction of the court in writing, otherwise it would not have been an order. When so made on March twenty-first it became a part of the proceedings in the cause, and was a sufficient compliance with the requirement of section 593 Criminal Code, which provides that if the defendant does not appear ' the court must direct the fact to be entered upon its minutes; and the undertaking of his bail is thereupon forfeited.' The failure of an officer of the court to discharge a clerical duty did not render the order of the court nugatory, *and the court on March twenty-first did all that the statute requires in order to make the forfeiture of the bail complete.*" (Italics supplied.)

The entry of the order is necessary in order to enable the County Clerk to docket the same as a judgment which becomes a lien on the obligor's real estate and lays the basis for the issuance of an execution (Code Crim. Pro., § 595-a; see *Matter of People* [*Lexington Sur. & Ind. Co.*], 272 N. Y. 210). It does not enlarge the time after the forfeiture of such undertaking is declared within which the application for remission of forfeiture must be made. When the Legislature meant to start the time running from the entry of an order, it expressed such intention in clear and unequivocal language (Code Crim. Pro., § 521). Motion is denied.