David T. Gibbous, J.
This is a motion to vacate and set aside a forfeiture of bail ordered by the Honorable Albert A. Oppido, formerly a Judge of this court, on January 6, 1970, because of defendant’s failure to appear on January 5, 1970, and for an order directing the County Treasurer of Nassau County to pay the sum of $1,000 to Michael Blum, Esq., attorney for the defendant, and assignee of the cash bail deposited by Brian Hall, the surety, in lieu of bail on behalf of the defendant.
Shortly after the defendant was arrested on October 3, 1969 on a charge of possession of a stolen credit card in violation of subdivision 2 of section 165.45 of the revised Penal Law, his bail was fixed in the sum of $1,000.
On October 8, 1969, one Brian Hall deposited such amount as cash bail with the Sheriff of Nassau County, as evidenced by the Sheriff’s receipt attached to the motion papers.
In his moving affidavit the defendant’s attorney states that in order to insure the payment of his legal fee, the defendant, claiming to be without other means, offered to assign all of his rights in the said cash bail deposited by Brian Hall, to his said attorney. In furtherance of this understanding, and as a part of this transaction, the defendant, as well as the said Brian Hall, executed their respective assignments of said cash bail to the attorney.
When this case was set down by the court for a conference on February 5, 1970, although counsel appeared in court, the defendant failed to make an appearance. The conference was thereby frustrated and the matter marked for the trial calendar.
Because of this default by the defendant, a warrant was issued on February 6, 1970 for his apprehension and the bail was forfeited.
Counsel now contends that, ‘ ‘ I have not from the date of that conference until some time in October 1970, when this defendant was arrested and charged with other crimes, ever been notified or informed by this court, or by the district attorney’s office, that this case would appear on any calendar of this court ”.
The forfeiture of bail is based on the defendant’s conceded default in appearing in court on February 5, 1970. Counsel’s *400 argument that he received no notice of the issuance of the warrant, nor of the bail forfeiture on the next day, provides neither a legal basis nor an excuse for a remission of bail.
Notice is not required to forfeit bail. Under section 593 of the Code of Criminal Procedure it is provided that when a defendant fails to appear in court at a time when he is required so to do, his bail becomes forfeited when the fact of his default is entered upon the minutes of the court. (People v. Bennett, 136 N. Y. 482, rearg. den. 137 N. Y. 601.)
As an additional basis for relief, counsel contended on the argument hereof that the defendant was incarcerated in a Pennsylvania jail from January 31, 1970 to April, 1970. It would thus appear from counsel’s statement that the defendant was not in a state of incarceration from April, 1970 until October, 1970, during which time he made absolutely no effort to communicate with his lawyer, or to surrender to the court. The defendant was, in fact, produced before this court by virtue of the enforcement of a warrant.
Whatever excuse for the defendant’s default on February 5, 1970, which may have existed because of his confinement in a Pennsylvania jail at that time, is completely dissipated and overcome by the salient facts that (1) when he was released in April, 1970, he made no effort whatever to communicate with his counsel nor with the court, and (2) he was not surrendered before the execution of the warrant. (People v. Hernandez, 15 A D 2d 798 and People v. Peerless Ins. Co., 21 A D 2d 609, 618.)
There is a complete failure here to show such hardship as would warrant a remission of the bail within the standards set forth in People v. Peerless Ins. Co. (supra) and People v. Fiannaca (306 N. Y. 513, 517).
Any monetary loss which may befall counsel in the collection of his legal fee does not present such hardship as would impel the court to order a remission.
From the earliest cases, the prime responsibility is cast upon the one who provides the bail. In Taylor v. Tainter (16 Wall [83 U. S.] 366, 371) the Supreme Court of the United States held, ‘ ‘ When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment ’ ’.
By a mere assignment of the bail money, as here, the surety does not shed his obligation, nor does counsel assume it, and when such assignment of the money takes place it has the detrimental effect of undermining the entire bail procedure because it diminishes the surety’s interest in performing his *401 obligation to produce the defendant. Should some affection for, or affinity to the person who posts bail for him be an inducement to the defendant to compel his appearance, such effect is lost after the fund is assigned since in no event will his surety receive a return of the bail money whether the defendant appears or not.
Dealing with bail money as if it were a commodity of commerce for barter and sale is both improper and unwise. Where, as here, the bail money has been relegated to two purposes, that is, (1) to provide the defendant’s freedom, and (2) to secure his attorney’s fee, the defendant’s inclination to avoid a bail default erodes completely in the face of the obvious observation that in no event will the money ever be returned.
It should be remembered that the remedy of remission of bail after forfeiture, under section 798 of the Judiciary Law, which must be read together with section 597 of the Code of Criminal Procedure, is provided to give aid to “ a person whose recognizance has become forfeited, or of his surety ”.
Essentially, the remedy belongs exclusively to those upon whom the responsibility rests to deliver the defendant into court.
When counsel took this assignment, it was with full knowledge that it was with considerable risk, and, apart from the possibility that a default by the defendant would be without a legal excuse, and, therefore, not the subject of remission, the deposit is at all times security from which any fine imposed shall be paid. (Code Crim. Pro., § 589.)
Absent any other basis for a refund, the claim by a surety or his principal, that counsel may lose his fee, is not a sufficient reason to order a remission, for to do so would be to favor the attorney over the State. The same excuse when advanced by the lawyer himself has no greater cogency.
As stated in People v. Dellamura (28 N. Y. S. 2d 584, 587) which involved the monetary losses to persons other than the surety and principal, ‘ ‘ The fact that ultimately, the financial loss of responsibility of the forefeiture in question may fall upon some agent, solicitor or employee of the surety company involved * * * does not necessarily present the extreme hardship contemplated by the statute, Sec. 597, Code of Criminal Procedure ”.
The application must, therefore, be denied, and it is, therefore, ordered, that the motion herein is hereby denied in all respects.