Moses M. Weinstein, J.
This is a motion to renew an application to remit forfeiture and vacate judgment which was denied by decision and order dated January 31, 1973. Although, the instant motion, made pursuant to CPLR 2221, has been erroneously designated a motion to reargue, it is in substance a motion to renew upon additional facts and will be treated as such.
One thousand dollars bail was forfeited by the surety on February 3, 1972 and the original application which was returnable January 31,1973 was timely (CPL 540.30). It was heard on that date and denied since the defendant had not been produced. Thereafter, the defendant was apprehended. The surety now moves to renew the motion upon the grounds that the defendant has been returned to the jurisdiction and the People have lost no rights against him. The motion to renew is granted. Upon renewal, the court will consider the additional facts presented to it.
The motion to renew was made returnable March 14, 1973, more than one year after the forfeiture. It is the return date which governs the issue of whether the motion is timely made under CPL 540.30 (People v. Brenner, 167 Misc. 555). Any application not made within one year of the date of forfeiture must be denied (People v. La Monica, 14 A D 2d 759; People v. Grundy, 218 App. Div. 541). The one-year limitation for bringing the application may not be enlarged, even upon the consent of the District Attorney (Matter of White, 41 Misc 2d 994). A reargument or renewal may not be made the pretext for circumventing or enlarging the one-year statute on applications *310 to remit a bail forféiture (People v. Dellamura, 28 N. Y. S. 2d 584). Here, the surety is attempting to accomplish by means of a motion to renew what he is time barffed by statute from accomplishing.
Having found that the motion to renew is untimely, the court need not reach its merits. Suffice it to say that the snfety’s affidavit' falls far short of setting forth sufficient grounds to grant the motion (People v. Peerless Ins. Co., 21 A D 2d 609).
Upon renewal the court adheres to its original decision of January 31, 1973.