Jasen, J.
 

 In these proceedings by a surety of the defendants in a criminal case to vacate orders forfeiting defendants’ bail for their nonappearance at the court-appointed times, the main question for our determination is whether the Appellate Division in denying the applications properly exercised its discretion.
 

 In the case involving the Jerry Robinson bail bond, the surety failed to produce the defendant for sentence on the court-appointed time, February 18, 1972, and the surety’s bond of $2,500 was ordered forfeited. On January 23, 1973, an attorney for the surety filed an application to remit the forfeiture of bail, setting a return date of February 15, 1973. The return day was just three days before the expiration of the one-year application period. The affidavit submitted in support of the application did not set forth any facts to justify remission. Rather, the affiant merely requested "leave to submit further affidavits on or before the return date”. Nevertheless, a "supplemental” affidavit, sworn to by another attorney, was not filed until March 12, well after the return date. The affiant stated that the defendant, as a result of an extensive investigation, had been located and returned to the
 
 *610
 
 jurisdiction of the court.
 
 *
 
 The Criminal Term Justice granted the application on March 19, 1973.
 

 In the second case involving Jose Santiago, four bail bonds totaling $4,000 were forfeited on January 17, 1972, when the defendant failed to appear for trial. On, January 2, 1973, the surety applied for remission of the forfeiture of bail, setting a return date of January 15 — two days before the one-year period would expire. Again the accompanying affidavit merely requested leave to file further affidavits. On the return day, the court was advised that the surety had heard, through the defendant’s attorney, that Santiago was in jail. However, the court denied the application. On February 28, 1973, another application was made, this one supported by an affidavit to the effect that Jose Santiago was found to have been in jail on January 15, 1973, under the assumed name of John A. Santiago. An arrest warrant was served upon the defendant and he was remanded. At this point, the People dropped their opposition to the surety’s request. However, one week later, a different Assistant District Attorney filed an affidavit opposing the grant of a remission. On April 11, the court granted the surety’s request to vacate the prior order and directed remission of the bail forfeiture. The Appellate Division, in reversing the order granting remission in both cases, found that these applications "did not meet the requirements of the statute”.
 

 Initially we should address ourselves to the People’s challenge to our jurisdiction to hear the present appeals. The People argue that in a criminal case where the Appellate Division reverses an order on the law and facts, there is no right to appeal to this court. (CPL 450.90, subd 2, par [a].) While we agree that the Criminal Procedure Law limits this court’s jurisdiction in criminal appeals to instances where the reversal is stated on the law alone, we have long held that the civil appeal provisions are applicable to applications for remissions of bail forfeitures as these special proceedings are civil in nature.
 
 (People v Fiannaca,
 
 306 NY 513, 516;
 
 People v Parkin,
 
 263 NY 428, 433; Cohen and Karger, Powers of the New York Court of Appeals, § 189, subd [d], p 711.) Moreover, we have consistently in the past, albeit without discussion of the jurisdictional issue, entertained similar appeals. (See, e.g.,
 
 People v Stuyvesant Ins. Co.,
 
 21 NY2d 907;
 
 People v Continen
 
 
 *611
 

 tal Cas. Co.,
 
 301 NY 79;
 
 People v Rigby,
 
 293 NY 912, mot for rearg den 294 NY 676.) Hence, we conclude that the present appeals are properly before us and should be considered on their merits.
 

 Turning to the main issue before us, whether these applications were made in conformity with the statutory procedure, we should be guided by the fundamental nature of the relationship between the surety and the State. A bail bond is security which seeks to assure the defendant’s appearance in court in a criminal proceeding. When bail is accepted by the State in lieu of the defendant’s physical incarceration, the defendant is in effect remanded to the custody of the surety.
 
 (Taylor v Taintor,
 
 16 Wall [83 US] 366, 371.) The surety pledges money against the possibility that the defendant will not appear at the court-appointed time. If the defendant “jumps” his bail, the surety’s security will be forfeited. While a forfeiture will provide the State with monetary compensation for its loss, justice had been thwarted. In order to prevent a defendant from evading justice by his escape from the jurisdiction of the court, the State offers an economic inducement to the surety. If the surety can successfully return the defendant to the court within a reasonable period of time, the forfeiture may be remitted. The strength of this inducement is weakened if remission is easily granted as a matter of course. Yet, more is involved than simple economics. In return for the State’s release of the defendant from jail, the surety has pledged itself to assure the return of the defendant to court. There is a moral obligation on the part of the surety to fulfill its promise. A surety’s pledge should not be lightly given; the bondsman must be held accountable for failure to fulfill the promise that the defendant will appear. Only by complying with the conditions set forth in the statute may the surety obtain remission of the forfeited bond. The governing statute is found in the Criminal Procedure Law. CPL 540.30 (subd 2) provides: "The application must be made within one year after the forfeiture of the bail is declared upon at least five days notice to the district attorney and service of copies of the affidavits and papers upon which the application is founded.” This section substantially restates former sections 597 and 598 of the Code of Criminal Procedure.
 

 The statute specifically requires that an application for remission of forfeited bail must be made within one year after date of forfeiture and must be supported by an adequate
 
 *612
 
 affidavit and papers to provide the court, in the exercise of its discretion, a basis for granting the application. Since a surety has no vested right to a remission of bail after forfeiture except as allowed by statute, the terms of the statute must be strictly complied with.
 
 (People v Cohen,
 
 245 NY 419;
 
 People v Martin,
 
 225 App Div 572;
 
 People v Grundy,
 
 218 App Div 541.) Even a concession by the District Attorney cannot waive the statute.
 
 (People v Martin, supra; Matter of White,
 
 41 Misc 2d 994.) "The factor lending strictness” to the compliance with the statute "is the need to avoid trifling with the administration of criminal justice, let alone cynical manipulation, and the fact that the surety has the means and the motive to require a defendant to comply with the orders of the court.”
 
 (People v Peerless Ins. Co.,
 
 21 AD2d 609, 621.) The granting of a remission may ameliorate the harsh effects of a forfeiture on a surety. However, the primary purpose of the remission statute must be to achieve the return of the absent defendant. The State may lift the forfeiture if the defendant is produced within a reasonable time. The Legislature has fixed a one-year period as delimiting the time at which the interest of the State has become irreparably damaged, thereby precluding remission.
 

 We agree with the Appellate Division that in both cases the application for remission did not satisfy the requirements of the statute. In
 
 Robinson,
 
 the surety made an anticipatory filing three days before the expiration of the one-year limitation period in the hope of later furnishing the necessary basis for granting the application. The affidavit and papers submitted at that time failed to provide any basis for the relief requested as required by statute. The affiant, merely requested additional time in which to produce a supplementary affidavit which would hopefully provide the necessary factual information. The submission and service on the People of a supplementary affidavit approximately 22 days after the expiration of the Statute of Limitations did not validate the originally defective application. While the surety would have been within its rights to file supplementary affidavits prior to the expiration of the Statute of Limitations, the statute does not authorize judicial extension of the period within which a proper showing must be made to justify the granting of the application to remit bail. Since the affidavit and papers filed prior to the expiration of the statute did not provide any basis
 
 *613
 
 for the granting of the application, the remission was properly denied.
 

 In the
 
 Santiago
 
 case, no affirmation was submitted in support of the application prior to the expiration of the Statute of Limitations to provide the court any basis for the granting of the application. All that was before the court was the hearsay representation of the attorney for the surety two days prior to the expiration of the statute that "[t]here is an ongoing investigation to determine the whereabouts of the defendant. We have been advised by the defendant’s attorney, the man that represented him, that he had heard that his client is in jail.” Based on this representation, an adjournment, beyond the one-year Statute of Limitations, was granted. On the adjourned date, the surety still could not produce the defendant or furnish the court with an affirmation setting forth a basis for the granting of the relief requested and the application was denied. Subsequently, the surety moved to renew his application for remission upon the ground "that the defendant was in the Brooklyn House of Detention for Men under the assumed name of John A. Santiago”. The surety’s motion to renew the application was allowed and thereupon Criminal Term granted the application to remit the forfeited bail.
 

 We agree with the Appellate Division that the affirmation submitted, prior to the running of the Statute of Limitations, failed to provide any basis for the granting of the application. The mere hearsay representation to the court by surety’s counsel "that he had heard that [the defendant] was in jail” was hardly a basis to grant the application. Nor can a subsequent affidavit, submitted in conjunction with a motion to renew, after the statute had run, support the original submission. The basis for the granting of the application must be submitted prior to the running of the statute and the court in considering the sufficiency of the applications may only consider such submission.
 

 Accordingly, the orders denying the motions for remission of the forfeiture of bail should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 In each case: Order affirmed.
 

 *
 

 The surety’s investigator went to the defendant’s premises and discovered him hiding in a convertible bed.