Wallace R. Cotton, J.
Application for an order vacating *301 the judgment entered upon a bail forfeiture and for remission of the bail from the city to the surety is decided as follows:
On February 11, 1975, the Stuyvesant Insurance Company of New York entered into a recognizance in the amount of $3,500 for the appearance of defendant, Rodney Berlack in the Criminal Court on Indictment No. 567/1975.
On May 14, 1975, the bail bond was forfeited upon defendant’s failure to appear in the said court. Thereafter, defendant was returned on a bench warrant on June 17, 1975, which was issued for his failure to appear on May 14, 1975. On June 17, 1975, new bail was set for $1,000 bond and $500 cash.
It appears that defendant Berlack did appear in Criminal Court, Bronx County on May 14, 1975 on a second indictment and it is apparent that defendant understood that his appearance was on both indictments.
On May 13, 1976, this application for remission of the bail bond was served on the District Attorney’s office, returnable May 24, 1976.
The District Attorney of Bronx County opposes the application on the grounds that since the bail forfeiture occurred on May 14, 1975, the instant application is untimely under CPL 540.30 (subd 2) (see People v Public Serv. Mut. Ins. Co., 37 NY2d 606). The District Attorney contends that it has been unequivocally established that it is the return date of the application which governs whether or not it is timely made citing CPL 540.30; People v Public Serv. Mut. Ins. Co. (37 NY2d 606, 609-610, 612-613); People v Bradford (73 Misc 2d 309); and People v Brenner (167 Misc 555). CPL 540.30 (subd 2) provides as follows: "The application must be made within one year after the forfeiture of the bail is declared upon at least five days notice to the district attorney and service of copies of the affidavits and papers upon which the application is founded. The court may grant the application and remit the forfeiture or any part thereof, upon such terms as may be just. The application may be granted only upon payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture.”
In People v Public Serv. Mut. Ins. Co. (37 NY2d 606, supra) the Court of Appeals decided two proceedings which sought remission of forfeiture of bail. In the two cases involved, applications to remit the forfeiture of bail were made within one year and the return dates of the applications were before the expiration of the one-year period. In each instance, the *302 affidavit submitted did not set forth facts to justify remission but requested leave to file or submit further affidavits. In one instance, a supplemental affidavit was filed well after the return date and in the second instance the original application was denied and a second application made after the return date with a supporting affidavit.
In both cases, the court held that the applications for remission did not satisfy the requirements of the statute and that the affirmations submitted, prior to the running of the Statute of Limitations, failed to provide any basis for the granting of the application. The court concluded (p 613) that "the basis for the granting of the application must be submitted prior to the running of the statute and the court in considering the sufficiency of the applications may only consider such submission.”
In the proceeding before the court, the application for remission of forfeiture of bail was made prior to the running of the statute and the supporting affidavit submitted in support thereof is sufficient for this court to make a determination.
However, the District Attorney argues that the return date of the application is the controlling date for Statute of Limitation’s purposes under CPL 540.30 (subd 2). The People rely on People v Public Serv. Mut. Ins. Co. (supra), and several other cases including People v Bradford (Pub. Serv. Mut. Co.) (73 Misc 2d 309, supra) and People v Brenner (167 Misc 555, supra).
It should be noted that People v Brenner (supra) was decided under a predecessor statute to CPL 540.30. Also, the decision was rendered prior to the enactment of CPLR 2211. CPLR 2211 provides that "A motion on notice is made when a notice of the motion or an order to show cause is served.” CPLR 2211 is founded upon section 113 of the Civil Practice Act. Prior to an amendment in 1941 (see L 1941, ch 266), this section was construed to mean that the motion was not "made” until the return date (see Low v Bankers Trust Co., 265 NY 264; Clinton Trust Co. v Mahoney, 252 App Div 763).
In People v Bradford (supra), the court relying on the decision in People v Brenner (supra), held that it is the return date which governs the issue of whether the motion is timely made under CPL 540.30. This is patently contrary to CPLR 2211 and its predecessor, section 113 of the Civil Practice Act, which provide that a motion on notice is deemed made when *303 the notice of motion is served (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2211:4, p 31).
Additionally, the People assert that the five days’ notice requirement of the statute (CPL 540.30, subd 2) mandates that this notice be given within the one-year period. In effect, this would require an application to be made at least five days before the one-year expiration period. This does not appear to be the intendment of the statute. Though the statute (CPL 540.30) must be strictly complied with (People v Public Serv. Mut. Co., supra), the making of the motion within the one-year expiration period sufficiently complies with the strictures of the statute.
Accordingly, the application for remission of the forfeiture of bail is granted.