OPINION OF THE COURT
Sol R. Dunkin, J.
The defendant makes this motion for an order exonerating the bail posted by his surety. The People have the right to insist on a forfeiture of bail when the defendant has violated the terms of his freedom. Their correlative duty is, in the court’s opinion, to consent to exoneration of bail when common sense and simple fairness dictate no other course.
The factual allegations made by the defendant in his moving papers and oral argument are uncontroverted by the People in their answering affirmation.
The defendant was indicted on November 15, 1977 for criminal possession of a controlled substance in the fifth degree and criminal possession of marihuana in the fifth degree. Bail was set at $1,500. The defendant, a Columbian national, surrendered his passport at that time. His visa having expired, the defendant was taken into custody by immigration officials of the United States Government. The District Attorney’s office was kept apprised of all pending deportation proceedings. The defendant was voluntarily de *335 ported without his passport having been returned to him. The District Attorney indicated that he did not object to the deportation, although he did not expressly consent to it. The defendant is presently unable to re-enter the country to defend himself under the pending indictment.
The District Attorney’s answering affirmation relies on several cases to support a forfeiture of bail, some of which go back to the early days of the Republic when perhaps exaltation of form over substance was more commonly in vogue. However, in all of the cases cited, either the surety or the defendant had some ability to prevent a forfeiture by voluntarily submitting the defendant to the control and custody of the court where the bail was posted. The defendant Alvarez, in custody of the immigration authorities, lacked the freedom of action to appear before this court.
CPL 530.80 cited by the District Attorney is inapplicable to the facts in this case, as the surety did not have the ability to surrender the defendant to the court while he was in custody of the Federal Government. Rather, the District Attorney, if he chose, could have taken some action to insure the defendant’s appearance before this court prior to his departure.
Remission of a forfeiture under CPL 540.30 is left to the court’s discretion. A fortiori it follows that the instant motion for exoneration of bail before a forfeiture rests in the court’s discretion. However, in this case it is not necessary for the court to exercise its discretion because CPL 540.10 mandates forfeiture of bail only when the defendant fails to appear "without sufficient excuse”. The court finds that Alvarez’s nonappearance is attributable to the affirmative action of the United States immigration authorities. It is the court’s opinion that this is a sufficient excuse for his nonappearance even if the defendant consented to the deportation. To find otherwise would be unreasonable and inequitable.
Failing to take any affirmative action to prevent defendant’s deportation with knowledge of the probable consequences was a tacit, if not outright, approval thereof which now estops the People from opposing exoneration. The District Attorney by his inertia or intentional acquiescence in the defendant’s deportation cannot now be heard to complain. The equitable doctrine of clean hands should be invoked in a case of inaction as well as one involving deliberate action.
The motion for exoneration of the bail is granted.