OPINION OF THE COURT
William Kapelman, J.
The surety moves for remission of forfeiture of bail pursuant to CPL 540.30 on the ground that the principal is deceased and the indictment has been abated by death. In addition, the indemnitor on the bail bond alleges that he will suffer severe hardship if the collateral on the bail bond is not returned to him.
On August 15, 1977, the surety posted bail for the appearance of the principal in Supreme Court, Bronx County, in the form of a bail bond in the sum of $15,000. The indemnitor on the bail bond had paid $8,300 to the surety as collateral.
On October 25, 1977, the principal failed to appear in Supreme Court, Bronx County, and the court entered such facts in the minutes. A bench warrant was issued, and the bail bond was forfeited (CPL 540.10, subd 1). On November 16, 1977, a judgment against the surety was entered by the office of the Clerk, Bronx County (CPL 540.10, subd 3). On March 17, 1978, the surety paid the sum of $15,375 to the Comptroller of the City of New York in satisfaction of the judgment.
On May 1, 1978, the surety was informed by the indemnitor that the principal had died on April 29, 1978. On July 14, 1978, the indictment pending against the principal was abated by death on the application of the District Attorney (Cioffi, J.).
The surety’s notice of motion for remission of forfeiture of *343 bail and supporting papers were served and filed on October 23, 1978. The motion was made returnable on November 1, 1978.
The District Attorney argues that the motion should be denied because (1) it is untimely; and (2) the ground relied on by the surety does not provide a legal basis for granting the motion.
The Criminal Procedure Law specifically requires that an application for remission of forfeited bail must be made within one year after the forfeiture of the bail is declared and must be supported by an adequate affidavit and papers to provide the court, in the exercise of its discretion, a basis for granting the application (CPL 540.30, subd 2; People v Public Serv. Mut. Ins. Co., 37 NY2d 606, 611-612). Since a surety has no vested right to a remission of bail after forfeiture except as allowed by statute, the terms of the statute must be strictly complied with and cannot be waived by a concession by the District Attorney (People v Public Serv. Mut. Ins. Co., supra, p 612; People v Cohen, 245 NY 419, 422; People v Martin, 225 App Div 572, 573; People v Grundy, 218 App Div 541, 543-544; Matter of White, 41 Misc 2d 994). Of course, it is well settled that the declaration of forfeiture occurs when the fact of the principal’s nonappearance is entered in the minutes (CPL 540.10, subd 1). On that date, the liability of the surety to pay the amount of bail accrues, and no formal judgment is necessary to fix the obligation of the surety. The maturity of the debt occurs on the date of the forfeiture while the entry of judgment relates merely to the application of the remedy for the enforcement of the debt (People v Bennett, 136 NY 482, 487-488; People v Brown, 96 Misc 2d 127; People v Bliss, 66 Misc 2d 398, 400; People v Continental Cas. Co., 200 Misc 546, 547-549, affd 279 App Div 654).
In the case at bar, the forfeiture of the bail was declared when the principal failed to appear in court and that fact was entered in the minutes on October 25, 1977. Consequently, the application for remission of forfeiture of bail must have been made by October 25, 1978. Because the surety’s notice of motion and supporting papers were served on October 23, 1978 and the motion was made returnable on November 1, 1978, the issue exists as to when the motion was "made”.
There is presently a division of authority as to whether a motion for remission of forfeited bail is made on the return date (see People v Bradford, 73 Misc 2d 309; People v Brenner, *344 167 Misc 555) or when the notice of motion is served (see People v Stuyvesnat Ins. Co., 88 Misc 2d 300). Since this special proceeding is civil in nature, consisting of an independent application to a court for relief (People v Public Serv. Mut. Ins. Co., 37 NY2d 606, 610, supra; People v Fiannaca, 306 NY 513, 516; People v Parkin, 263 NY 428, 433), the CPLR, governing procedure in civil judicial proceedings in all courts of the State except where the procedure is regulated by inconsistent statute, is clearly applicable (CPLR 101, 105, subd [d]). A motion on notice is made when a notice of the motion is served (CPLR 2211; see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2211:4, p 31). Prior to 1941, the courts held that a motion was "made” when it was returned in court and not when the notice was served (Low v Bankers Trust Co., 265 NY 264, 265; Clinton Trust Co. v Mahoney, 252 App Div 763; Cleary v New York State Rys., 199 App Div 28, 29). In that year, section 113 of the Civil Practice Act, the predecessor statute to CPLR 2211, was amended to declare that a motion is "made” when notice is served (L 1941, ch 266). The District Attorney’s reliance on Brenner is therefore misplaced, since that case was decided in 1938 under the prior statute. The Bradford case, decided in 1973, merely relied on Brenner, and this court most respectfully believes that Bradford therefore incorrectly stated the law as it has existed since 1941.
Thus, service of the surety’s notice of motion on the District Attorney on October 23, 1978, two days before the expiration of the one-year Statute of Limitations, satisfied the requirements of the statute. The fact that the statute requires that the application be made upon at least five days’ notice to the District Attorney (CPL 540.30, subd 2) does not alter this conclusion, for the notice requirement concerns the return date for a hearing on the motion rather than a further limitation on the time allowed for making the motion (see People v Stuyvesant Ins. Co., supra, p 303). The motion is therefore timely and this court will consider it on the merits.
The fact that the principal died on April 29, 1978, approximately six months after his nonappearance in court and the forfeiture of bail, does not provide a sufficient basis for granting the relief requested. It is only where the principal dies before the day of appearance that forfeited bail will be remitted (People v Parkin, supra, p 432; Taylor v Taintor, 83 US 366, 369). Indeed, only the occurrence of events before the *345 scheduled return date can excuse the nonappearance of the principal. Events subsequent to the day of appearance cannot retroactively cure the unexcused failure to appear (People v Stuyvesant Ins. Co., 24 AD2d 989, 990, affd 21 NY2d 907; People v Brown, 96 Misc 2d 127, supra). In the case at bar, the surety has not demonstrated by sufficient affidavits the reason for the nonappearance by the principal on October 25, 1977, and therefore has not met the burden of proof to show exceptional circumstances (see People v Peerless Ins. Co., 21 AD2d 609, 613, 615, 621).
The bare allegation by the indemnitor on the bail bond that he will suffer severe hardship if the collateral on the bail bond is not returned to him is insufficient to justify remission. Aside from the fact that it is the indemnitor and not the surety who is claiming extreme hardship (cf. People v Bliss, 66 Misc 2d 398, 400-401, supra), he merely maintains that he is retired from employment and that the collateral is a substantial portion of his assets. Such general statements do not establish extreme hardship, i.e., hardship as will cause destitution to a family, deprive children of support and education, or creditors of their just debts (People v Fiannaca, 306 NY 513, 517, supra; People v Peerless Ins. Co., supra, p 614). The unsubstantiated claim that the surety has limited income and can ill afford to lose the amount of bail posted is insufficient to warrant remission (People v Fiannaca, supra, p 518; People v Cohen, 229 App Div 515, 517-518; People v Heit, 152 App Div 179, 181). Absent detailed disclosure of the indemnitor’s finances, remission cannot be granted on the ground of extreme hardship.
For the foregoing reasons, the motion is denied.