■ The People of the State of New York, Respondent, v David Schonfeld, Appellant.—Mikoll, J. Appeal from an order of the County Court of Albany County (Harris, J.), entered April 10, 1987, which denied a motion by defendant's surety pursuant to CPLR 5015 and 5240 to restrain the County of Albany from enforcing a judgment entered against the surety.

In June 1985, defendant was released on bail pending disposition of his criminal case in County Court under a bail bond in the amount of $25,000 issued by defendant's surety, Peerless Insurance Company (hereinafter Peerless). Upon his failure to appear as directed in October 1985, County Court noted his absence in the minutes, issued a bench warrant for his arrest and ordered that his bail be forfeited. The court signed the order revoking and forfeiting defendant's bail and directed that judgment be entered in the amount of $25,000 against Peerless and in favor of the County of Albany. The order of forfeiture and the judgment against Peerless were not filed with the County Clerk until April 2, 1986.

Subsequently, in September 1986, Peerless moved pursuant to CPLR 5240 and 5015 for an order "limiting, denying and precluding" the county from enforcing the judgment. County Court denied the motion stating that "the district attorney's delay in filing the bail bond and certified copy of the order of forfeiture did not operate to permanently bar the enforcement of the Court's order". This appeal by defendant and Peerless ensued.

CPL 540.10 (1) provides for the forfeiture of a defendant's

bail when his nonappearance is noted in the court's minutes. CPL 540.10 (2) provides, insofar as relevant, that: "If the forfeiture [of bail] is not so discharged and the forfeited bail consisted of a bail bond, the district attorney, within sixty days after the adjournment of the court at which such bond was directed to be forfeited, must proceed against the obligor or obligors who executed such bond, in the manner prescribed in subdivision three." CPL 540.10 (3) requires the District Attorney to file the forfeiture order in the County Clerk's office.

Peerless contends that the failure of the District Attorney to comply with the 60-day provision set forth in CPL 540.10 (2) precludes the enforcement of the judgment because the statutory provision operates as a Statute of Limitations. We reject this argument. The failure to strictly comply with the 60-day statutory provision merely postponed the ability to enforce the judgment until the order and judgment were filed with the County Clerk. In *People v Bennett* (136 NY 482), the Court of Appeals stressed that, under former Code of Criminal Procedure § 593, the predecessor to CPL 540.10, when a defendant's nonappearance is entered in the court's minutes, his bail is forfeited and "[n]o further or formal order is necessary to fix the liability of the surety" *(supra,* at 487). The Court of Appeals also stated that: "It is important to observe the distinction between the time when the forfeiture is incurred and the time when the judgment may be entered. The one relates to the maturity of the debt, the other to the application of the remedy for its enforcement" *(supra,* at 487). The fact that former Code of Criminal Procedure § 593 did not contain the 60-day provision does not render *People v Bennett* inapplicable to this case. More recent case law recognizes that the entry of the order and judgment "relates merely to the application of the remedy for the enforcement of the debt" *(People v Midland Ins. Co.,* 97 Misc 2d 341, 343; *see, People v Continental Cas. Co.,* 200 Misc 546, 547-549, *affd* 279 App Div 654).

Peerless argues that the plain language of the statute, which requires that the District Attorney *"must* proceed against the obligor" within 60 days after forfeiture of the bail (CPL 540.10 [2] [emphasis supplied]), impels the conclusion that the 60-day time period must be strictly complied with in order to have the judgment enforced. However, we are not persuaded by this argument. The word "must" is not always considered to have a mandatory meaning *(see, People ex rel. Lawton v Snell,* 216 NY 527, 533). When needed, it may be

construed as a permissive term, to achieve the purpose for which the legislation was enacted (see, 56 NY Jur, Statutes, § 18, at 515 [1967]). Under the rules of statutory construction it is also "presumed that no unjust or unreasonable result was intended" by the Legislature (Zappone v Home Ins. Co., 55 NY2d 131, 137; see, McKinney's Cons Laws of NY, Book 1, Statutes § 143). In view of the purpose of this legislation it would be unreasonable to interpret CPL 540.10 to render a judgment entered on a court's order forfeiting a defendant's bail after the 60-day period permanently unenforceable.

Finally, Peerless contends that CPL 540.10 (2) should be strictly construed in the manner of the time limitation contained in CPL 540.30 in the interest of uniformity of construction. This argument is similarly meritless. The purpose of the time limit in each provision is distinguishable. CPL 540.30, the remission statute, focuses primarily on the goal of returning the defendant to the court and "[t]he Legislature has fixed a one-year period as delimiting the time at which the interest of the State has become irreparably damaged, thereby precluding remission" (People v Public Serv. Mut. Ins. Co. [Robinson], 37 NY2d 606, 612). However, CPL 540.10 seeks to financially punish the defendant and his surety for the failure to produce the defendant in court as required. This interest is not prejudiced or aborted by the passage of the 60 days.

Order affirmed, with costs. Casey, Weiss, Mikoll and Mercure, JJ., concur.

Kane, J. P., dissents and votes to reverse in a memorandum.

Kane, J. P. (dissenting). I respectfully dissent. In construing the language of a statute, the Legislature is presumed to have used words as they are commonly employed (McKinney's Cons Laws of NY, Book 1, Statutes § 232) and a court may not disregard the clear language of a statute by articulating what it considers an equitable construction in order to extend to it some supposed policy beyond the express terms of the act (McKinney's Cons Laws of NY, Book 1, Statutes § 94). A statute is to be given effect as written by the Legislature, not as a court may think it should have been written (see, Allen v Minskoff, 38 NY2d 506, 511).

In this case, the plain language of CPL 540.10 (2) requires that "the district attorney, within sixty days [after forfeiture of the bail], *must* proceed against the obligor" (emphasis supplied). It is undisputed by the parties that the bail bond and order were not filed until over five months subsequent to the forfeiture of defendant's bail. Contrary to the majority's conclusion, the Legislature has given no indication that a different meaning other than what would normally be inter-

preted for the word "must" was intended *(see, People v Cruz,* 48 NY2d 419, 428, *appeal dismissed* 446 US 901; *Regan v Heimbach,* 91 AD2d 71, *lv denied* 58 NY2d 610). The case of *People v Bennett* (136 NY 482), which the majority cites for support, is inapplicable insofar as it was decided under former Code of Criminal Procedure § 593. At that time the statute provided that the District Attorney "may, at any time" proceed against the surety after bail was forfeited. The Legislature, however, specifically included the 60-day provision under CPL 540.10 (2), and there has been no showing that it was not meant to be construed as a Statute of Limitations.

The strict construction of CPL 540.30 further supports this conclusion. That statute permits a surety to apply for remission of a forfeiture if the surety returns the defendant to the court within a reasonable period of time, but requires that the "application must be made within one year after the forfeiture of the bail is declared" (CPL 540.30 [2]). The Court of Appeals found this time limitation to be mandatory *(see, People v Public Serv. Mut. Ins. Co. [Robinson],* 37 NY2d 606). Although the court noted that the primary purpose of CPL 540.30 was to achieve the return of an absent defendant *(supra,* at 612), this does not require a different interpretation of CPL 540.10. The Legislature dealt with the possible laxness of a county in filing forfeiture orders by setting forth a specific time limitation, and there is nothing to support the conclusion that it was not mandatory. Accordingly, I would reverse and grant the motion to preclude enforcement of the judgment.