OPINION OF THE COURT
Franklin R. Weissberg, J.
The defendant was arrested with four others on December 20, 1988, and charged with criminal possession of stolen property in the first degree. The defendants were accused of possessing valuable jewelry stolen from a store the night before. Because the five persons arrested appeared to be aliens, the United States Immigration and Naturalization Service (I.N.S.) was informed, and an I.N.S. representative was in court when the five were arraigned and bail set.
Sometime after the arraignment, cash bail was posted on the defendant’s behalf. The money was delivered to prison authorities by Ms. Samka Heremovic, but it is undisputed that *895 the source of the funds was a friend of the defendant, Mr. Hasan Koljenovic. The defendant was never released. As soon as bail had been posted, I.N.S. authorities were notified. They arrived at the prison and took the defendant into custody.
The New York County District Attorney’s office, which had been cooperating with I.N.S., had several times informed I.N.S. that if the defendant were to be taken into custody by them, he should not be deported until the New York case was resolved. Nevertheless, on January 27, 1989, without advising or consulting with the District Attorney’s office, I.N.S. deported the defendant to Canada.
Mr. Koljenovic now moves to exonerate bail, and asks that the court order the return of money deposited by him as surety to insure the defendant’s presence. The surety concedes the absence of the defendant, but argues that the absence is solely the responsibility of I.N.S. and the New York authorities who assisted I.N.S.
The District Attorney’s office opposes the surety’s application, and asks instead that bail be forfeited. The People point out that I.N.S. now realizes that the defendant should not have been deported, and will permit the defendant to return to face charges. I.N.S. has sent unanswered letters to the defendant at his last known addresses in Canada and in New York City, in an attempt to arrange for his return. Nevertheless it is clear that the defendant is aware of the current state of these proceedings, since he has submitted a recent affidavit to this court on behalf of a codefendant and has been in communication with at least one defense lawyer.
The surety relies in large part on People v Alvarez (94 Misc 2d 334 [Queens County 1978]) to support his application. In that case the defendant, a Columbian national, was arrested and accused of a felony. He was arraigned, bail was fixed, and he was required to surrender his passport. Because his visa had expired, he was taken into custody by I.N.S. officials. The Queens County District Attorney’s office was kept informed of the progress of deportation proceedings pending against the defendant, and made no objection when the defendant was voluntarily deported. The defendant was clearly unable to return to face charges.
The Alvarez court ordered exoneration of the bail posted, finding that in every case it had examined in which forfeiture of bail was permitted, there was some ability to prevent forfeiture by voluntary submission to the court which had set *896 the bail. Neither the surety nor the defendant in Alvarez (supra) was capable of producing the defendant. Furthermore, the inability was occasioned by actions of I.N.S. which occurred with the tacit approval of the District Attorney’s office.
By contrast, in this case the District Attorney’s office made clear on several occasions its desire that the defendant Vukcevic not be deported. Deportation occurred because I.N.S. made a mistake. I.N.S. now admits this, and stands ready to permit the defendant to return to face charges. Both the surety and the defendant know that the defendant can return.
Since the surety herein has the power to produce the defendant, it is his responsibility to do so (People v Bliss, 66 Misc 2d 398 [Nassau County Ct 1971]; People v Dizdar, 91 Misc 2d 23 [Sup Ct, NY County 1977]). The surety has not met his obligation, and there is no reason why forfeiture should not ensue.
The surety’s motion to exonerate bail is denied. Bail is ordered forfeited, unless within 10 days from the date of this order the surety produces the defendant.