■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON JAQUEZ, Defendant. INTERNATIONAL FIDELITY INSURANCE COMPANY, as Surety, Appellant. [765 NYS2d 621] —Order, Supreme Court, New York County (Micki Scherer, J.), entered on or about October 4, 2001, which denied appellant surety's motion for remission of a bail forfeiture in the amount of $225,000, unanimously affirmed, without costs.

The court properly exercised its discretion in denying appellant's motion for remission of bail, particularly since the underlying defendant still remains at large (*see People v Fiannaca*, 306 NY 513, 517-518 [1954]; *People v Scalise*, 105 AD2d 869 [1984], *appeal dismissed* 64 NY2d 884 [1985]; *People v Peerless Ins. Co.*, 21 AD2d 609, 613-614 [1964]). The People's failure to extradite defendant, who did not meet the United States Justice Department's criteria for seeking extradition, does not entitle appellant to remission. Since appellant was aware that no extradition was forthcoming, its efforts to return defendant from the Dominican Republic were worthless and undeserving of reimbursement.

Appellant's due process rights were not violated by the absence of notice prior to entry of judgment. Appellant had an opportunity to be heard prior to forfeiture (*see* CPL 540.10 [1]; *People v Nicholas*, 97 NY2d 24, 28-29 [2001]) and its liability was established when the bail was forfeited (*People v Bennett*, 136 NY 482, 487 [1893]; *People v Midland Ins. Co.*, 97 Misc 2d 341 [1978]). The subsequent reduction of the order into a judgment did not impose any additional liability on appellant (*see People v Schonfeld*, 74 NY2d 324, 330 [1989]) and amounted to no more than a ministerial action (*see International Fid. Ins. Co. v City of New York*, 263 F Supp 2d 619, 634 [2003]). Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.