(87 Misc. Rep. 53)

### MOHAWK & HUDSON RIVER HUMANE SOCIETY v. SARATOGA COUNTY.

(Supreme Court, Trial Term, Saratoga County.   September, 1914.)

ᴮᴀɪʟ (§ 96*)—Dɪsᴘᴏsɪᴛɪᴏɴ ᴏғ Pʀᴏᴄᴇᴇᴅs—Sᴛᴀᴛᴜᴛᴏʀʏ Pʀᴏᴠɪsɪᴏɴs—"Iᴍᴘᴏsᴇᴅ."
A humane society is not entitled, under Penal Law, § 491, providing that all fees, penalties, and forfeitures, imposed or collected for violation of the provisions of that chapter, or of any act relating to or affecting children, shall be paid to the incorporated society for the prevention of cruelty to children, where the prosecution was instituted or conducted by such society, to the amount of cash bail forfeited by one against whom the society has furnished evidence resulting in indictment, since such forfeiture was not imposed for any violation of the law, but for the nonappearance of the defendant, and was imposed under the Criminal Code, and not under the Penal Law.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 424; Dec. Dig. § 96.*]

Action by the Mohawk & Hudson River Humane Society against the County of Saratoga.   Complaint dismissed.

Slade, Harrington, & Goldsmith, of Saratoga Springs (Irving I. Goldsmith, of Saratoga Springs, of counsel), for plaintiff.

J. W. Atkinson, of Waterford, for defendant.

H. T. KELLOGG, J.   The plaintiff by its agents assisted in procuring evidence which resulted in the indictment of one Harry Martin for the crime of attempted rape upon a child under the age of 14. Cash bail was furnished, and, upon the nonappearance of the defendant at the trial, was duly forfeited to the county of Saratoga.   This action is brought to recover the amount of the forfeit, upon the theory that the prosecution was instituted by the plaintiff, and is therefore recoverable under section 491 of the Penal Law (Consol. Laws, c. 40).   That section reads as follows:

"Fines to be Paid to Society for Prevention of Cruelty to Children.—All fines, penalties and forfeitures imposed or collected for a violation of the provisions of this chapter, or of any act relating to, or affecting children, now in force or hereafter passed, must be paid on demand to the incorporated society for the prevention of cruelty to children in every case where the prosecution shall be instituted or conducted by such a society."

The forfeiture was declared for nonappearance upon trial by a defendant.   It was not "imposed."   Still less was it "imposed" for a violation of a chapter of the Penal Code or any act affecting children. There has been no violation, unless there has been a conviction.   Even though such were not the case, still the forfeiture was not declared for a violation proven or unproven, but for nonappearance only.   If the defendant had been recaptured, tried, and by an acquittal proven guiltless of a violation, the forfeited bail might not have been remitted.   Again, the forfeiture was not declared by reason of the Penal Code or acts affecting children, but by authority of the provisions of the Criminal Code.

For these reasons, the complaint should be dismissed.

*For other cases see same topic & § ɴᴜᴍʙᴇʀ in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes