THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE COUNTY OF TIOGA, Defendant.

'Third Department, May 13, 1931.

*John J. Bennett, Jr., Attorney-General* [*Amos D. Moscrip, Assistant Attorney-General*, of counsel], for the plaintiff.

*George L. Andrews*, for the defendant.

HINMAN, J. On the 21st of April, 1930, one John Koneceny was arrested and arraigned before a justice of the peace of the town of Owego, Tioga county, N. Y., upon the charge of operating a motor vehicle while in an intoxicated condition, in violation of section 70, subdivision 5, of the Vehicle and Traffic Law. Koneceny having been previously convicted of the same offense, the present charge was a felony under said statute. On the 21st of April, 1930, an undertaking before indictment was given before said justice of the peace for the said Koneceny's appearance following the next grand jury of the county of Tioga in the sum of $500, and the said sum of

$500 cash was accepted in lieu of bail and the said Koneceny was released. The said $500 was deposited with the county treasurer of Tioga county by the said justice.

On June 2, 1930, the grand jury returned an indictment against the said Koneceny as charged, and on the 9th day of June, 1930, following the failure of Koneceny to appear at a Trial Term of the County Court for arraignment upon the said indictment, the said bail was declared forfeited, and on the 10th day of June, 1930, a formal order was made and entered by the said court, declaring said bail to be forfeited, and ordering the said county treasurer to receive the same and apply the same to the use of the county of Tioga.

Thereafter, the Comptroller of the State of New York having been informed that the said bail had been forfeited and remained in the hands of the county treasurer, wrote to the said county treasurer of Tioga county referring him to section 73 of the Vehicle and Traffic Law, claiming that the forfeited bail should be paid over to the Comptroller of the State and making formal demand upon said county treasurer for such payment. On advice of the district attorney of Tioga county the county treasurer refused to turn over said forfeited bail to the Comptroller without a judicial determination of the question involved. Wherefore the parties have submitted the controversy to this court upon the above agreed statement of facts.

Section 73, subdivision 1, of the Vehicle and Traffic Law (formerly subdivision 1 of section 291 of the Highway Law, repealed by Laws of 1929, chap. 54, which enacted the Vehicle and Traffic Law) provides that " all fines, penalties or forfeitures collected for violations of any of the foregoing provisions of this chapter or of any act in relation to the use of the public highways by motor vehicles or motor cycles now in force or hereafter enacted, under the sentence of judgment of any court, judge, magistrate or other judicial officer having jurisdiction in the premises, shall be paid over by such court, judge, magistrate or other judicial officer to the Comptroller of the State, with a statement accompanying the same, setting forth the action or proceeding in which such moneys were collected, the name and residence of the defendant, the nature of the offense, and the fine, penalty, sentence or judgment imposed."

Subdivision 12 of section 70 of the Vehicle and Traffic Law (formerly subdivision 10 of section 290 of said Highway Law) provides: " Where the charge is a violation of subdivision five of this section, the provisions of the Code of Criminal Procedure in reference to bail shall apply absolutely." Subdivision 5 of section 70 provides for the punishment for operating a motor vehicle while

in an intoxicated condition. It prescribes that one who operates a motor vehicle while in an intoxicated condition after having been convicted previously of the same offense shall be guilty of a felony. In subdivision 13 of section 70, relating to admitting to bail where defendant is held to answer, it is further provided: " in a case where the defendant is charged with a violation of any of the provisions of this section, the provisions of the Code of Criminal Procedure in reference to bail in cases of a misdemeanor shall apply exclusively."

The provision of the Code of Criminal Procedure with reference to forfeiture of money deposited instead of bail is as follows: " If, without sufficient excuse, the defendant neglect to appear for arraignment, or for trial or judgment, or upon any other occasion where his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes; and the undertaking of his bail, or the money deposited, instead of bail, as the case may be is thereupon forfeited." (Code Crim. Proc. § 593.) Under this section, " if the principal makes default and his nonappearance is entered in the minutes, the recognizance becomes *ipso facto* forfeited. No further or formal order is necessary to fix the liability of the surety." (*People* v. *Bennett*, 136 N. Y. 482.) " If, by reason of the neglect of the defendant to appear, as provided in section five hundred and ninety-three, money deposited instead of bail is forfeited, * * *, the county treasurer with whom it is deposited may at any time after the final adjournment of the court apply the money deposited to the use of the county." (Code Crim. Proc. § 596.)

The above are the provisions upon which the county of Tioga relies to sustain its right to retain this forfeited bail. It seems clear that the Legislature intended to make this exception to the provision of section 73 of the Vehicle and Traffic Law requiring " all fines, penalties or forfeitures collected for violations of any of the foregoing provisions of this chapter " to be paid over to the Comptroller of the State. While the word " forfeitures " is used, section 73, subdivision 1, relates only to " forfeitures collected for violations." The " violations " relate only to " violations of any of the foregoing provisions of this chapter or of any act in relation to the use of the public highways by motor vehicles." Moreover, the forfeitures must be such as are collected for such violations " under the sentence or judgment of any court, judge, magistrate, etc." There has been no violation of any provision of the Vehicle and Traffic Law. None has been proven and there has been no conviction. No sentence or judgment has been imposed and certainly none for conviction of a violation of the Vehicle and Traffic Law, or of any act in relation to the use of the public high-

ways by motor vehicles. At most a forfeiture has been declared for non-appearance upon trial, and that forfeiture was declared by authority of the Code of Criminal Procedure which is made to apply exclusively with reference to bail, where the charge is a violation of subdivision 5, or of any of the provisions of section 70 of the Vehicle and Traffic Law. We find support for our conclusion in the persuasive logic of H. T. KELLOGG, J., in the case of *Mohawk & Hudson River Humane Soc.* v. *County of Saratoga* (87 Misc. 53).

The claim and the contention of the plaintiff should be dismissed and judgment granted in favor of the defendant, with costs.

All concur.

Judgment rendered in favor of the defendant, with costs, dismissing the claim of the plaintiff, and adjudging that the forfeited bail in the sum of $500 remain in the hands of the county treasurer of the county of Tioga.