■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. MORALES, Defendant, and MADELYN BLAKE, Appellant. — In a proceeding brought by the depositor of cash bail for a defendant in a criminal case to have said bail remitted to her, the appeal is from an order of the County Court, Nassau County (Santagata, J.), dated January 14, 1983, which denied her application.

Order reversed, on the law and the facts, with costs payable by respondent to appellant, Madelyn Blake, motion granted and bail remitted.

Defendant Joseph Morales was arrested in connection with possession of stolen goods early in 1980 and was released on

January 10, 1980, when appellant Madelyn Blake posted $2,500 cash bail on his behalf. Defendant was to appear in District Court, First District, Nassau County, on April 2, 1980; he and the appellant did appear, but they were somewhat late, and were told that his case had been called. In fact, defendant's failure to appear had been noted, a bench warrant issued, and his bail forfeited.

Defendant asserts that he discussed the situation with the Legal Aid Society, and later that same day he appeared before a District Court Judge and was told to return on April 8, 1980. No one mentioned the bail to either defendant or the appellant, and, as defendant was not detained, they were not aware that anything was amiss.

Defendant Morales appeared on April 8, 1980 and was arraigned before Judge Fertig. On April 9, 1980, Judge Fertig issued an order assigning counsel, which order noted defendant's status as "Bailed". Nevertheless, by letter of the same date, the District Court Clerk advised the County Treasurer that defendant's bail had been forfeited on April 2, 1980.

Defendant Morales was thereafter indicted for criminal possession of stolen property in the second degree. Upon his arraignment in County Court, Nassau County, in August 1980, his status as free on bail was duly noted by the court and such bail was ordered continued, no objection being made by the People. Defendant's status as on bail is noted elsewhere in the court's file.

A jury trial resulted in defendant's conviction of the charge in October 1981. The court file indicates that, upon his conviction, defendant's bail was exonerated. Also, at defendant's sentencing on November 10, 1981, the court noted: "Bail is exonerated if it has not already been done".

The money was not returned to appellant Blake, and a *pro se* motion for its remission was denied on March 24, 1982 (Santagata, J.). Thereafter, the appellant made the instant motion, through counsel, to vacate the March 24 order and for remission, and on this motion the above-stated facts were set out. The motion was opposed by the People on the ground that the one-year Statute of Limitations provided in CPL 540.30 (2) had expired on April 2, 1981, one year after the declaration of forfeiture upon defendant's nonappearance. As of April 2, 1981, however, defendant was still awaiting trial on the charges, and as far as the trial court, the People, defense counsel, defendant himself and the appellant believed, was actually free on that very bail. Nevertheless, the appellant's motion was denied on

the ground that the Statute of Limitations for forfeited bail had run, the court citing *People v Public Serv. Mut. Ins. Co.* (37 NY2d 606).

As the facts make apparent, the court's notation on April 9, 1980 that defendant was bailed was the equivalent of a reinstatement of bail and this was further confirmed by the arraigning court's notation in August of 1980 that bail was continued. Thus, the District Court Clerk's letter to the County Treasurer dated April 9, 1980 did not reflect the actual facts, as on that date the bail was not forfeited. As a consequence, the Statute of Limitations under CPL 540.30 (2) is not applicable as that is concerned with forfeited bail and the application here is not to have a forfeited bail remitted but to direct the County Treasurer to release bail which it should no longer be holding. Accordingly, the application is granted and the bail should be remitted to the appellant. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.