Glenn S. Hackett, Esq. County Attorney, Niagara
I am writing in response to a request from your office for an Attorney General's opinion as to various matters concerning bail bonds.
Initially you have asked how long a bail bond remains valid and whether they expire after a certain date if not formally discharged or exonerated.
By way of background, we note that the purpose of bail is to ensure a defendant's appearance in court (People ex rel. Weisenfeld v Warden N.Y.Detention Facility at Rikers Island, 37 N.Y.2d 760, 761 [1975]). Most of the provisions governing bail and bail bonds are set forth in title P of the Criminal Procedure Law ("CPL") (CPL, §§ 500-540). In order to satisfy the bail requirements of the CPL, the defendant must "post" bail, which is defined as "deposit[ing] bail in the amount and form fixed by the court, with the court or with some other authorized public servant or agency" (CPL, § 500.10[8]). The CPL does not require bail or bail bonds to be held by any particular official or in any particular form, leaving that to the court's discretion (ibid.). CPL, § 520.10
authorizes various forms of bail, including cash bail, bail bonds and payment by credit card.* The duration and effectiveness of the bonds are discussed in CPL, § 520.20:
 "A bail bond posted in the course of a criminal action is effective and binding upon the obligor or obligors, until the imposition of sentence or other termination of the action, regardless of whether the action is dismissed in the local criminal court after an indictment on the same charge or charges by a superior court, and regardless of whether such action is partially conducted or prosecuted in a court or courts other than the one in which the action was pending when such bond was posted, unless prior to such termination such order of bail is vacated or revoked or the principal is surrendered, or unless the terms of such bond expressly limit its effectiveness to a lesser period; provided, however, the effectiveness of such bond may only be limited to a lesser period if the obligor or obligors submit notice of the limitation to the court and the district attorney not less than fourteen days before effectiveness ends" (CPL, § 520.20[3]; [emphasis supplied]).
The CPL describes the other ways in which a criminal action can be terminated and makes appropriate provision for exoneration of bail in each of them. These include a verdict of acquital (CPL, § 330.10), dismissal of a charge by a grand jury (id., § 190.75), dismissal of a felony complaint (id., § 180.70), dismissal of indictment with or without resubmission of charges to grand jury (id., § 210.45), an order of commitment of a mentally ill defendant (id., § 730.50), the surrender of a defendant (id., § 530.80), a trial court order of dismissal (id., § 290.10) and the resubmission of the case by an appellate court to the criminal court upon reversal or modification of judgment (id., § 470.45).
If a defendant does not appear in court when directed, or violates the conditions of his bail in some other way, the bail bond is forfeited, and the proceeds are retained by the financial officer of the appropriate county or municipality (CPL, §§ 540.10, 540.20; see People v TiogaCounty, 232 App. Div. 367 [3d Dept, 1931]).
In the event of a forfeiture, section 540.10 requires the district attorney to file a copy of the court order directing forfeiture in the office of the clerk of the county wherein such order was issued (id.,
§ 540.10[3]). The clerk is then required to docket the order of forfeiture in the book kept by him for the docketing of judgments (see CPLR § 5018), and to enter a judgment against the obligors on the bail bond in the amount of the bond (ibid.; see generally, 1968 Op Atty Gen [Inf] 115; 1932 Op Atty Gen 135).
You have also asked whether the clerk's record books must be stored in a vault, or whether they may be kept in the open. As noted, the CPL does not provide any specific procedure for the recordation of active bail bonds and leaves their administration to the discretion of the court (CPL, § 500.10[8]). Therefore, any method of storage which meets the needs of the court and the public would be adequate.
Finally, you have asked whether these record books may be destroyed after a period of time. Once bail is exonerated by any of the above-referenced means and becomes final, there would not appear to be any need to make reference to these records in the future. In the event a bail bond is forfeited, however, the bail bondsman may make an application for remission of the forfeiture under CPL, § 540.30. Such an application, however, must be made within one year after the forfeiture is declared (id., § 540.30[2]). The one-year time limit has been held to be jurisdictional; courts may not grant extensions beyond this time (People v Public Service Mutual Insurance, 37 N.Y.2d 606 [1975]; cf.People v Morales, 108 A.D.2d 827 [2d Dept, 1985]). Once a reasonable time from the expiration of the one-year limitation has passed, the records would no longer be needed.
* Authorized bail bonds include the following: insurance company bail bonds, secured surety bonds, secured appearance bonds, partially secured surety bonds, partially secured appearance bonds, unsecured surety bonds and unsecured appearance bonds (CPL, § 520.10[1]). These various kinds of bonds are defined in CPL, § 500.10.