OPINION OF THE COURT
Anthony J. Cutrona, J.
*592 Seneca Insurance Co. moves for an order vacating the bail forfeiture judgment dated September 16, 1999.
In deciding this motion, the court has considered the moving papers and exhibits, the affirmation in opposition, and affirmation dated March 5, 2000.
On May 27, 1999, Albert Davis (hereinafter called defendant) was arrested for aggravated unlicensed operation of a motor vehicle. On May 28, 1999, defendant was arraigned on a felony complaint and bail was set at $1,500 bail bond. That same day, Seneca Insurance Co. (surety) filed a bail bond in the amount of $1,500 with the court.
On June 22, 1999, upon motion by the People, the felony complaint was dismissed “without prejudice.” At the time of dismissal the court did not state whether the bail was to continue or was to be exonerated. The record does not reflect that the surety agreed to continue the bond after the dismissal of the felony complaint. The minutes of June 22, 1999 show that no future date for defendant’s appearance was set at the time of the dismissal.
On August 17, 1999, an indictment was-filed and defendant’s arraignment was scheduled for September 2, 1999.[1] Defendant failed to appear for arraignment and the bail was ordered forfeited.
On September 16, 1999, judgment was entered against the surety for the amount of the bail bond.[2] By letter dated September 23, 1999, plaintiff informed surety that judgment had been entered against the bond.
By motion dated November 30, 1999, surety moved to vacate and set aside the judgment on the ground that surety never received notice of the date of defendant’s arraignment. All parties argue the effect of the language contained in subdivision (2) of CPL 210.10 requiring that prior to arraignment the surety be notified.
CPL 210.10 (2) reads as follows: “2. If a felony complaint against the defendant was pending in a local criminal court or if the defendant was previously held by a local criminal court for the action of the grand jury, and if the defendant is at lib *593 erty on his or her own recognizance or on bail pursuant to a previous court order issued in the same criminal action, the superior court must, upon at least two days notice to the defendant and his or her surety, to any person other than the defendant who posted cash bail and to any attorney who would be entitled to notice under circumstances prescribed in subdivision one, direct the defendant to appear before the superior court for arraignment on a specified date. If the defendant fails to appear on such date, the court may issue a bench warrant and, in addition, may forfeit the bail, if any. Upon taking the defendant into custody pursuant to such bench warrant, the executing police officer must without unnecessary delay bring the defendant before such superior court for arraignment. If such superior court is not available, the executing police officer may bring the defendant to the local correctional facility of the county in which such superior court sits, to be detained there until not later than the commencement of the next session of such court occurring on the next business day” (emphasis added). Both parties focus on the language that the surety “must” receive “two days” notice of the date of arraignment. Neither side addresses the first part of the sentence which requires that there be a “pending” felony complaint in the criminal court or that defendant be held for the action of the Grand Jury before the notice requirement comes into focus.
In this case, the criminal court action (not the criminal action) and the felony complaint were “finally disposed of’ when the case was dismissed[3] (People v Osgood, 52 NY2d 37, 45; see also, People v Washington, 42 AD2d 677). There was thus nothing “pending” in the criminal court, and defendant had not been held for the action of the Grand Jury. While the criminal court action was “finally disposed of,” the criminal action did not terminate since the People had the right to present the case to a Grand Jury notwithstanding the dismissal in the lower court (People v Osgood, supra, at 44-45).
Therefore, subdivision (2) of CPL 210.10 was inapplicable to this case. Subdivision (3) of CPL 210.10 applies to this case. That subdivision has no requirement that a surety be notified. The reason for this is that the CPL does not contemplate that bail remain in effect after disposition in the criminal court.
*594 Throughout the CPL whenever a proceeding[4] is dismissed, bail “must” be exonerated (CPL 170.25 [2]; 170.50 [3]; 180.70 [4]; 180.75 [3] [c]; 190.75 [2]; 210.45 [8];[5] 290.10 [4]; 330.10 [1]; 730.50 [1]). Once a proceeding has been dismissed, no matter the reason, bail “must” be exonerated (see, People v Reynolds, 44 AD2d 607, 608; Matter of Martin D., 100 Misc 2d 339, 344; People v Mason, 97 Misc 2d 706, 715). Once a case is “finally disposed of,” there is no accusatory instrument upon which a defendant may be held under a securing order. Indeed, if defendant in this case had been incarcerated, the court would have been required to release him upon dismissal, whether the dismissal was with or without prejudice.
This is consistent with CPL 520.20 (3)[6] which reads as follows: “3. A bail bond posted in the course of a criminal action is effective and binding upon the obligor or obligors until the imposition of sentence or other termination of the action, regardless of whether the action is dismissed in the local criminal court after an indictment on the same charge or charges by a superior court, and regardless of whether such action is partially conducted or prosecuted in a court or courts other than the one in which the action was pending when such bond was posted, unless prior to such termination such order of bail is vacated or revoked or the principal is surrendered, or unless the terms of such bond expressly limit its effectiveness to a lesser period; provided, however, the effectiveness of such bond may only be limited to a lesser period if the obligor or obligors submit notice of the limitation to the court and the district attorney not less than fourteen days before effectiveness ends” (emphasis added). By providing for the continuation of a bail bond in the situation where the criminal court action is dismissed after indictment, the statute implies that if the criminal court proceeding is dismissed before indictment, the bail bond does not remain in effect. Indeed, CPL 180.70 (4) makes this very clear. Where a criminal court finds that there is insufficient reasonable cause to believe that a person has committed a felony or any other crime, the court must dismiss the felony complaint and “must” exonerate the bail.
*595 It is important to remember that a criminal court lacks authority to dismiss a felony complaint unless authorized by the CPL (see, Matter of Morgenthau v Roberts, 65 NY2d 749; People v Douglass, 60 NY2d 194). The CPL contains no authorization to dismiss a felony complaint on motion of the People.
When the prosecutor in this case moved to dismiss, the People were saying that in the criminal court they do not intend to establish reasonable cause to believe that defendant committed a crime. In effect, the Assistant District Attorney said that they intended to establish reasonable cause at a later time in the Grand Jury (this seems to be what the People allege is the meaning of “dismissal without prejudice”). The dismissal was thus based upon the lack of reasonable cause to believe that defendant committed a crime and the court was obligated to exonerate bail under CPL 180.70 (4).
The court finds that when the criminal court dismissed the felony complaint that act constituted an exoneration of bail as a matter of law (see, People v Felton, 36 Barb. 429, 435; see also, Annotation, Dismissal or Vacation of Indictment as Terminating Liability or Obligation of Surety on Bail Bond, 18 ALR3d 1354). Thus, there was no bail to forfeit at the time of arraignment. The forfeiture of bail was based on wrong information that bail existed. This misunderstanding is grounds for vacatur (see, People v Morales, 108 AD2d 827 [misunderstanding about the court’s notations grounds for vacating forfeiture]).
The court is aware that the procedure used herein is commonplace in this county and is intended to benefit a criminal defendant. Because a felony complaint is dismissed, the defendant need not constantly appear in criminal court. Thus, the dismissal is for the convenience of the defendant. Further, by not officially exonerating the bail, the People insure that if there is an indictment, defendant will appear. However, the benefits to the defendant and the People cannot affect the rights of third parties without their consent. This procedure directly affects the rights and obligations of the surety by extending the surety’s obligation under the bail bond beyond the terms of the bond and beyond the time authorized by statute. Absent consent of the surety, a bail bond cannot be extended unilaterally.
The court suggests that instead of granting a dismissal not authorized by statute, the criminal court follow the procedures outlined in People v Douglass (60 NY2d 194, 200, supra) and place the case on a suspended calendar or mark the case “off” calendar.
*596 Upon this court’s inherent power to vacate its judgment (People v Wirtschafter, 305 NY 515, 519; People v Varela, 124 Misc 2d 992, 995, 996-997), the motion to vacate or set aside the judgment is granted.

. There exists a factual dispute as to whether any person ever received notice of the arraignment.

. This was apparently done without any notice or proceeding against the surety.

. The CPL does not contain any language regarding dismissals with or without prejudice. Throughout the CPL when the statute discusses dismissal, it simply says “dismiss.” While the language “without prejudice” may have some meaning in a civil action, it has no meaning in a criminal matter. This court knows of no authority by which a criminal court can bar the prosecution of a felony forever, i.e., with prejudice.

. For the difference between a criminal proceeding and a criminal action see CPL 1.20 (16) and (18).

. Even when an indictment is dismissed with leave to re-present the case to a new Grand Jury, bail is exonerated and new bail is set by the court (CPL 210.45 [9]).

. The People’s citation of this statute as being CPL 540.20 (3) is inaccurate.